IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELA THRASH,<br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§　　Civil Action No. 3:12-CV-4328-P-BK<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the undersigned for Findings, Conclusions, and Recommendation on Plaintiff's *Motion for Summary Judgment* (Doc. 20) and Defendant's *Cross Motion for Summary Judgment* (Doc. 22). For the reasons that follow, it is recommended that Plaintiff's *Motion for Summary Judgment* (Doc. 20) be **DENIED**, Defendant's *Motion for Summary Judgment* (Doc. 22) be **GRANTED**, and the Commissioner's decision be **AFFIRMED**.

## I. BACKGROUND[1]

### A. Procedural History

Angela Thrash ("Plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") finding that she was not disabled and denying her claims for Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under the Social Security Act ("The Act"). In March 2010, Plaintiff applied for SSI and DIB due to physical impairments which she claimed became disabling on January 16,

---

[1] The following background comes from the transcript of the administrative proceedings, which is designated as "Tr."; the pages are referenced by their Bates numbers.

1

2008. (Tr. 14). Plaintiff's applications were denied at all administrative levels, and she now seeks review in this Court. (Tr. 1, 5, 8, 14, 17).

**B. Factual Background**

Plaintiff was 43 years old when she applied for disability insurance benefits. (Tr. 182). She earned her GED and had past relevant work as a certified nurse aid and conveyor line bakery worker. (Tr. 37-39).

Plaintiff was involved in a motor vehicle accident on January 16, 2008, and sustained an acute cervical strain and contusions to the chest, back, and right hip. (Tr. 285-289). She was examined by a chiropractor, Dr. S. Schmidt, D.C., on February 27, 2008. (Tr. 297-300). Dr. Schmidt diagnosed Plaintiff with a cervicothoracic ligamentous, muscular and facet injury, a thoracolumbar ligamentous, muscular and facet injury, a sprained/strained left knee, and a headache. (Tr. 300). On April 21, 2008, Dr. Thomas Selvaggi evaluated Plaintiff. (Tr. 309). Also in April 2008, a physician's assistant completed a Medical Release/Physician's Statement form indicating that Plaintiff suffered from a lumbar sprain and sciatica with an internal derangement of the left knee. The PA indicated that it was a nonpermanent disability which was expected to last more than six months. (Tr. 331).

On April 19, 2010, Plaintiff underwent an internal medicine consultative examination with Dr. Judith Graves at the request of disability determination services (DDS). (Tr. 336-40). Dr. Graves, a Certified American Academy Disability Evaluating Physician, determined that Plaintiff was able to sit, stand, walk, and move in and out of a chair without any difficulty. (Tr. 340). Motor testing of Plaintiff's extremities indicated normal strength for all tested muscles. (Tr. 339). While Dr. Graves noted that Plaintiff suffered from pain in her left hip, left knee, and

back, she concluded that Plaintiff's hearing, speech, vision, and ability to communicate was normal, and that Plaintiff could stoop, squat, bend, and kneel without difficulty. (Tr. 340).

Dr. Andrea Fritz completed a physical Residual Functional Capacity (RFC) Assessment on June 3, 2010. (Tr. 344-51). She determined that Plaintiff could occasionally lift and/or carry weight up to 50 pounds, frequently carry and/or lift weight up to 25 pounds, stand and/or walk for about 6 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and had unlimited push/pull capacity. (Tr. 345). No other limitations were indicated. (Tr. 346-48). Consistent with Dr. Graves' evaluation, Dr. Fritz noted that Plaintiff walked without difficulty as she entered the examination room. (Tr. 345). Plaintiff's claims were subsequently denied on June 7, 2010. (Tr. 14).

After falling and injuring her left foot on June 13, 2010, Plaintiff again underwent an RFC Assessment. On September 7, 2010, Dr. James Wright found that Plaintiff could occasionally lift and/or carry weight up to 50 pounds, frequently carry and/or lift weight up to 25 pounds, stand and/or walk for about 6 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and had unlimited push/pull capacity. (Tr. 356-63). Although Dr. Wright noted that Plaintiff's second and fourth metatarsals were injured in her June 2010 fall, he opined that the resulting limitations would not meet the necessary duration to warrant disability benefits. Dr. Wright concluded that Plaintiff should be able to perform at a medium RFC. (Tr. 363). Plaintiff's reconsidered claims were denied on September 9, 2010. (Tr. 14).

Plaintiff appeared at a hearing before an administrative law judge (ALJ) on March 17, 2011. (Tr. 14, 29). She testified that she had past work experience as a cafeteria snack bar worker in Greenville ISD and a conveyor line bakery worker, and was briefly employed in the healthcare industry. (Tr. 32-35, 37). Plaintiff also testified that she was not able to work full-

time due to arthritis pain, and that she was unable to walk 100 feet without severe pain. (Tr. 40-41, 45).

Vocational expert ("VE") Suzette Skinner testified that Plaintiff's relevant past work as a certified nurse aid is classified under the Dictionary of Occupational Titles as medium, semiskilled work, and Plaintiff's work as a conveyor line bakery worker is classified as light, unskilled work. (Tr. 38). Medical expert Dr. David Sowell testified that the conditions outlined in Plaintiff's medical records would not produce excruciating, continuing, level nine-of-ten pain, and that based on the medical evidence, he would place Plaintiff's physical residual functional capacity (RFC) at "medium." (Tr. 59-60, 62-63).

**C. Administrative Findings**

In his decision issued July 27, 2011, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date on her disability, and suffered from the severe impairment of degenerative disc disease (DDD) of the cervical and lumbar spine. (Tr. 16). The ALJ further determined that Plaintiff's impairment did not meet or medically equal one of the listed impairments. (Tr. 17). The ALJ found that Plaintiff had the residual functional capacity to perform the full range of medium work, and could perform her past relevant work as a certified nurse aid and conveyor line bakery worker. (Tr. 17, 23). The ALJ thus concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from January 16, 2008 through the date of the ALJ decision. (Tr. 23).

**II. APPLICABLE LAW**

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. §

423(d)(1)(A). The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* If the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance,

and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III. ANALYSIS

Plaintiff argues that the evidence does not support the ALJ's conclusion that Plaintiff retains the RFC to perform work at the medium exertion level. The Court rejects Plaintiff's arguments and concludes that the ALJ's finding is supported by substantial evidence.

RFC assessments conducted by Dr. Fritz and Dr. Wright both indicated Plaintiff could perform the full range of medium work based on her exertion limitations and that she did not suffer from any other limitations. (Tr. 344-48, 357-61). While there is no indication in the record that Dr. Fritz and Dr. Wright reviewed the MRIs Plaintiff underwent in March 2008, it is clear that Dr. David Sowell examined her entire medical record. (Tr. 57-62). Similarly, Dr. Sowell concluded that Plaintiff's alleged symptoms and pain were not consistent with her diagnosis. *Id.* Dr. Sowell also testified that the physicians' assistant's report -- which indicated Plaintiff had internal derangement of the knee -- was not supported by the results of the MRI conducted in March 2008; and that while Plaintiff did suffer from some medically-determinable impairments, none of Plaintiff's injuries would produce the level of pain described by Plaintiff. (Tr. 57-64). Dr. Sowell additionally noted that the injury to Plaintiff's knee -- which he would qualify as bursitis -- was a temporary and treatable condition, not attaining the level of a continuous, severe impairment. (Tr. 60).

Plaintiff focuses her arguments on the examination conducted by Dr. Schmidt in February 2008, MRIs conducted in March 2008, and assessments by Dr. Selvaggi and his

6

physicians' assistant in April 2008. (Doc. 20-1 at 4-5). However, because a chiropractor is not an "acceptable medical source," Dr. Schmidt's opinions, while relevant to the overall assessment of Plaintiff's health and condition, were appropriately afforded less value than those of the licensed physicians, Dr. Graves, Dr. Fritz, and Dr. Wright. *See* 20 C.F.R. §§ 404.1513(a), 404.1513(d), 416.913(a). That notwithstanding, the PA indicated that Plaintiff's disability would last more than six months but would not be permanent. (Tr. 331). A disability is a physical or mental impairment lasting for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). Thus, a prognosis of more than six months of a disability does not establish the requisite twelve continuous months of disability.

Moreover, Plaintiff's counsel conceded at the hearing that there were no medical records supporting Plaintiff's claim of constant, excruciating pain. (Tr. 55). Also, Plaintiff's argument that her impairments "may have temporarily subsided in intensity by 2010, when [she] underwent her consultative examination," appear to contradict Plaintiff's claims that her pain was permanent and unrelenting. (Doc. 20-1 at 6). The ALJ also noted that Plaintiff did not allege back or joint pain on two subsequent visits to Hunt Regional Medical Center in April and December 2009. (Tr. 19, 364-65, 370-71).

Finally, the evidence suggests Plaintiff was able to engage in daily activities such as walking, driving, and working part-time. (Tr. 32-34, 183, 336-40, 345, 357). Plaintiff testified that she drove herself to the hearing, and she also reported cleaning, grocery shopping, attending church, and tending to her personal needs on a regular basis. (Tr. 46, 48-54).

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's *Motion for Summary Judgment* (Doc. 20) be **DENIED**, Defendant's *Motion for Summary Judgment* (Doc. 22) be **GRANTED**, and the Commissioner's decision be **AFFIRMED**.

**SO RECOMMENDED** on July 24, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE